UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Leynor Osejo Garcia, | Case No. 2:26-cv-00405-CDS-DJA |
| Petitioner | **Order Granting Petition for Writ of Habeas Corpus and Denying as Moot the Petitioner's Second Motion for Preliminary Injunction** |
| v. | |
| Todd Lyons, et al., | |
| Respondents[1] | [ECF Nos. 1, 9] |

Petitioner Leynor Osejo Garcia filed a petition for writ of habeas corpus challenging his detention as unlawful under the Fifth Amendment and the Immigration and Nationality Act (INA). Pet., ECF No. 1.[2] He later filed an emergency motion for a preliminary injunction requiring the respondents to allow the petitioner to post the $4,000.00 bond and be released. Mot., ECF No. 9.[3] For the reasons stated herein, I grant the petition and deny as moot the emergency motion for preliminary injunction.

**I.    Background**

The petitioner is a citizen of Nicaragua who entered the United States in 2021 without inspection. ECF No. 1 at 5. On August 25, 2021, Border Patrol served the petitioner with a Form I-862 Notice to Appear, instructing him to appear before an Immigration judge (IJ) in Miami on December 28, 2021. Form I-213, ECF No. 11-1 at 7–8. On August 28, 2026, the petitioner was released on an Order of Release on Recognizance (OREC). *Id.* at 8.

---

[1] Because Kristi Noem is no longer the DHS Secretary, the Clerk of Court is directed to substitute Markwayne Mullin in the caption. Likewise, the clerk must substitute Todd Blanche, Acting Attorney General, in place of Pamela Bondi, as she is no longer serving as the Attorney General.

[2] On March 24, 2026, the court granted the petitioner's motion to amend his petition to incorporate the immigration court's March 2026 order. ECF No. 10. The petitioner has yet to file an amended petition, but the response to the motion for preliminary injunction includes a copy of the order.

[3] The emergency motion for preliminary injunction is fully briefed. Resp., ECF Nos. 11, 12. The date to file a reply was April 7, 2026, but no reply was filed.

On January 13, 2026, the petitioner was arrested for driving under the influence of alcohol in Las Vegas, Nevada. *Id.* at 8. The next day, he was detained in the Nevada Southern Detention Center pending his deportation proceedings. *Id.* On January 26, 2026, an IJ denied the petitioner bond finding no jurisdiction under *Matter of Yajure Hurtdado*, 29 I&N Dec. 216 (BIA 2025). *Id.* at 10. After the petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, the IJ again held that it lacked jurisdiction to release him on bond. *Id.* at 13. The IJ alternatively held that if the U.S. District Court for the District of Nevada determines that the immigration court has jurisdiction to entertain bond, then the petitioner would be granted bond in the amount of $4,000.00. *Id.*

In turn, the petitioner filed a petition for writ of habeas corpus challenging his detention as unlawful under the Fifth Amendment, the Immigration and Nationality Act (INA), and the Equal Access to Justice Act (EAJA). ECF No. 1. He later filed an emergency motion for a preliminary injunction requiring the respondents to allow the petitioner to post the $4,000.00 bond and be released. ECF No. 9.

## II.    Legal standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Fraihat v. U.S. Immigration & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted)). The Supreme Court has explained that to obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the

plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (cleaned up).

When a party seeks a mandatory injunction ordering the "responsible party to take action," I must "deny such relief unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quotation omitted).

### III.    Discussion

The petitioner argues that his detention is unlawful because § 1226(a) applies to him, such that he is entitled to a bond hearing. *Id.* at 6. The respondents argue that § 1225(b)(2) applies to the petitioner because he is present in the United States without having been lawfully admitted.

I agree that the petitioner's detention without bond is unlawful. DHS revoked its prior determination, changing the petitioner's status from an alien eligible for bond under 8 U.S.C. § 1226 to an "applicant for admission" subject to expedited proceedings and mandatory detention under 8 U.S.C. § 1225. This was a significant change in status given aliens detained under § 1225 are not entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). The respondents determined he was an alien eligible for bond under 8 U.S.C. § 1226 several years ago, so their new "policy interpretation" is directly at odds *with their own records.* "[D]ue process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir 2008) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). The respondents' reclassification of the petitioner to a revised "policy interpretation" failed to provide him adequate procedural protections.

Further, this court simply cannot accept the respondents' revised policy interpretation argument—that is, that noncitizens who lack valid documentation are subject to mandatory detention under § 1225(b) regardless of their presence within the country—because it would render § 1226 both meaningless and superfluous. The Supreme Court has long instructed that a basic tenet of statutory interpretation is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation modified)). Thus, if an interpretation of one provision of a law "would render another provision superfluous," courts will presume that interpretation is incorrect. *See Bilski v. Kappos*, 561 U.S. 593, 607–08 (2010) (citations omitted).

I therefore find the respondents' new interpretation of § 1225 to be incorrect. Because § 1225(b) does not apply to aliens who are already present in the country, it does not apply to the petitioner. DHS's reclassification of the petitioner as an "applicant for admission" pursuant to § 1225, and related determination that he is ineligible for a bond, violated his due process rights. So the petition is granted as to claim one, and because the emergency motion for preliminary injunction seeks identical relief, the motion is denied as moot.[4] The court orders that the petitioner be treated as a detained alien pursuant to 8 U.S.C. § 1226(a) and that the $4,000.00 bond be reinstated.

## IV.     Conclusion

IT IS HERBY ORDERED that the petition for writ of habeas corpus **[ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED that the petitioner's motion for preliminary injunction **[ECF No. 9] is DENIED as moot.**

---

[4] Because I grant the petitioner's relief on this basis, I do not address his other requested relief.

IT IS FURTHER ORDERED that the petitioner's request for attorney's fees is denied without prejudice. If counsel believes he is entitled to fees under the EAJA, he must file separate motion that meets the requirements under Local Rule 54-14.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **Thursday, May 7, 2026,** advising their status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

The Clerk of Court is kindly instructed to substitute Markwayne Mullin for Kristi Noem and Todd Blanche for Pamela Bondi.

Dated: April 30, 2026

_____
Cristina D. Silva
United States District Judge

5